TANENBAUM v. HILBORN.

(Supreme Court, Appellate Division, First Department. October 20, 1899.)

DISCOVERY—EXAMINING DEFENDANT BEFORE TRIAL.

In an action for a breach of provisions of a contract to employ plaintiff as a broker to procure insurance, and not to employ any one else, plaintiff is entitled to examine defendant before trial as to what other brokers he had employed, where plaintiff alleges that he cannot ascertain such fact except by such examination, as such evidence is necessary to establish plaintiff's cause of action.

Appeal from special term, New York county.

Action by Moses Tanenbaum against Max Hilborn for breach of contract. From an order vacating an ex parte order for examination of defendant before trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Benno Loewy, for appellant.

Abram I. Elkus, for respondent.

PER CURIAM. The order appealed from, vacating an order for the examination of the defendant before trial, must be reversed. The papers upon which the vacated order was granted were sufficient. The only criticism which appears to be made of them is that they do not show that the testimony of the defendant is necessary to the establishment of the cause of action set out in the complaint. The defendant was sued for the breach of a contract in and by which he agreed with the plaintiff's assignors that they should procure, as his agents, insurance upon merchandise for a period of five years from a certain date, and also agreed that he would not procure insurance through any other broker than the plaintiff's assignors, who should also be entitled to procure any additional insurance required, than that specifically referred to in the contract. There are two breaches of the contract assigned: First, the nonemployment of the plaintiff's assignors; second, the employment of other brokers. Under the allegations of the complaint, and the issues as made by the answer, it is material for the plaintiff to show the breach of the contract by the defendant's employment of other brokers. The facts of such employment are peculiarly within the knowledge of the defendant. The plaintiff showed in his affidavit that he had no means of ascertaining who the other brokers were, except by the examination of the defendant. The order for the examination was expressly limited to those facts, and such considerations were presented to the justice who granted the order of examination as authorized him to make it with the limitation contained therein.

It is unnecessary to examine or comment upon the numerous authorities cited by counsel on both sides on this appeal, for under the circumstances of this case an examination of the defendant was proper. The order requiring it should be reinstated, and the order vacating it reversed, with $10 costs and disbursements.

