(54 App. Div. 188.)

TANENBAUM v. LINDHEIM et al.

(Supreme Court, Appellate Division, First Department. October 19, 1900.)

1. DISCOVERY—EXAMINATION OF DEFENDANT BEFORE TRIAL.
    Where the facts in an affidavit to secure an order for the examination of defendant before trial were sufficient to enable plaintiff to frame a bill of particulars so far as they went, and the other necessary facts were within his own knowledge, it was improper to grant the order.

2. SAME—AFFIDAVIT—SUFFICIENCY—ALLEGED FACTS—PROOF.
    An affidavit in which the facts alleged were based on information and belief, and were not derived from any person who had personal knowledge of such facts, was not sufficient to obtain an order for the examination of defendant before trial, since it constituted no proof of the facts alleged.

3. SAME—OTHER SOURCES OF INFORMATION.
    Where it could be fairly inferred from plaintiff's affidavit, which was based on information and belief, filed to secure an order for the examination of defendant before trial, that plaintiff, by following up the information on which the facts of the affidavit were based, could have secured the desired information, it was improper to grant the order, since it was plaintiff's duty to first resort to such means of information.

Appeal from special term, New York county.

Action by Moses Tanenbaum against Robert Lindheim and another. From an order denying defendants' motion to vacate an ex parte order for the examination of defendants before trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Jacob Fromme, for appellants.
Ernest Hall, for respondent.

RUMSEY, J. The order for an examination was asked, for that the plaintiff might obtain facts necessary to enable him to serve a bill of particulars, and also that he might obtain evidence to use

upon the trial. For the first purpose the order was clearly unnecessary. The facts stated in the affidavit are sufficiently explicit, so far as they go, to enable the plaintiff to frame his bill of particulars, and the other facts necessary for that purpose are within his own knowledge, and could not, by any possibility, be within the knowledge of the defendants. These allegations of the plaintiff's affidavit are made solely upon information and belief, and it appears that the information upon which the plaintiff has sworn to them was not derived from any one who had personal knowledge himself; so that there is in the affidavit no proof whatever of the facts upon which the plaintiff bases his application for this examination, because a statement upon information and belief is no evidence of the facts. Bank v. Alberger, 78 N. Y. 252. Such an affidavit is insufficient to obtain an order for examination. Jiminez v. Ward, 21 App. Div. 387, 47 N. Y. Supp. 557. It is also fairly to be inferred, from what is stated in the affidavit, that, although the persons who gave to the plaintiff the information which he regards as sufficient to enable him to swear to the facts had no personal knowledge themselves of these facts, yet they had means of information which, if followed up, would enable the plaintiff to obtain proof of the matters as to which they informed him. The plaintiff should resort to that means of information before calling upon the defendants to be examined before the trial of the action. The case is not within that of Tanenbaum v. Hilborn, 44 App. Div. 89, 60 N. Y. Supp. 406, because in that case it appeared affirmatively that the facts as to which the defendant was to be examined were not within the knowledge of the plaintiff, and that he could not obtain such knowledge of anybody but the defendant himself.

For these reasons, the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.