391, 394 (affirmed without opinion, 165 N. Y. 20, 59 N. E. 1124), it was said:

"A rule which called upon every driver or motorman, at all times and under all circumstances, to keep himself keyed up to the highest pitch of vigilance, would be senseless. He should never, it is true, be heedless or forgetful of his duty. He should, in fact, at all times be watchful and prepared for emergencies. When, however, the law imposes upon him a still higher degree of care, namely, the exercise of all the vigilance that human foresight can suggest, it naturally refers to conditions calling for that extreme degree of vigilance. It is not so unreasonable, par example, as to demand constantly strained eyes from the lookout over a perfectly clear horizon."

When, therefore, the court charged, in answer to the request of the plaintiff's counsel, that the motorman was obliged to use a very high degree of care, etc., it properly stated the rule of law applicable to the circumstances. The other part of the charge objected to in the plaintiff's brief was not excepted to by the defendant, and does not seem to us to be error which requires reversal.

The judgment should, therefore, be affirmed.

Judgment and order affirmed, with costs. All concur.

---

(57 App. Div. 633.)

FREESE et al. v. AVERY.

(Supreme Court, Appellate Division, Fourth Department. January 22, 1901.)

1. MECHANIC'S LIEN—ACTION—PARTIES.

An action on a mechanic's lien by subcontractors being a proceeding in equity, and the principal contractor being a necessary party, it was immaterial whether he was joined as party plaintiff or defendant.

2. SAME—PLAINTIFF.

In an action on a mechanic's lien by subcontractors, the principal contractor was properly joined as plaintiff, where he desired or consented.

3. SAME—PLEADING.

In an action on a mechanic's lien by subcontractors, allegations as to the amount due to the principal contractor were a necessary basis of the action, as the lien could apply for no greater sum, and, though they amounted to a statement of a cause of action in assumpsit, they were not ground for demurrer for misjoinder of causes of action.

4. SAME—PAYMENT.

In an action on a mechanic's lien by subcontractors, they having joined the principal contractor as plaintiffs, allegations of the amount due by the defendant to the principal contractor were sufficient, without averring that the principal contractor had not paid the subcontractors.

Appeal from special term, Cayuga county.

Action by Stephen Freese and others against Edward H. Avery to foreclose a mechanic's lien. From a decree overruling a demurrer to the complaint, defendant appeals. Affirmed.

The following is the opinion of the court below (DWIGHT, J.):

The action is to foreclose two mechanics' liens filed by the plaintiffs Porter and Chamberlain & Phillips, respectively, for materials furnished by such plaintiffs respectively, to the principal contractor, Freese, in the erection of a building for the defendant, Avery. The complaint alleges a balance of the contract price due to Freese from Avery, and amounts severally due to the material men, aggregating less than the amount alleged to be due as above to the principal contractor. The demurrer is for (1) misjoinder of parties

plaintiff, in that Freese was not a proper party plaintiff; (2) defect of parties defendant, in that Freese was a necessary party defendant; (3) improper joinder of causes of action, in that a cause of action in assumpsit in favor of Freese is joined with causes of action for the enforcement of liens in favor of the other plaintiffs, respectively; (4) failure to state facts sufficient to constitute a cause of action, in that there is no allegation that the contractor, Freese, has not paid the claims to the other plaintiffs. I think the demurrer is not well taken on either ground specified.

First. It is contended by the demurrant, in his second specification, that Freese was a necessary party, but, as he says, party defendant; and he was undoubtedly a proper, if not necessary, party to the action. Hilton Bridge Const. Co. v. New York Cent. & H. R. R. Co., 145 N. Y. 390, 40 N. E. 86. Such being the case, it is of little moment, in an equity action, whether he be a party plaintiff or defendant. Simson v. Satterlee, 64 N. Y. 657. If he desires or consents, as he has done in this case, to be a party plaintiff, there can be no doubt of the propriety of making him such. Indeed, the attitude of plaintiff seems much more consistent with his relation to the other parties, and to the subject-matter of the action, than that of defendant. His claim against the defendant, Avery, must be established as the basis of the cause of action of the other plaintiffs; and it seems more appropriate that he should be associated with the plaintiffs, who are interested to establish his claim, rather than with the defendant, who is interested to defeat it. As a plaintiff, he is before the court for the adjudication of whatever rights or interests he may have in respect to the matters at issue.

Second. What has so far been said disposes equally of the second ground of demurrer. Freese being properly made a party plaintiff, there is no defect of parties defendant.

Third. The objection of an improper joinder of causes of action is not well taken. Although the allegations of the complaint in respect to the amount due from the defendant to Freese would be appropriate to a cause of action in assumpsit, they are not necessarily to be construed as so intended. They are equally appropriate as allegations constituting the necessary basis of a cause of action in equity for the enforcement of a lien of subcontractors or material men. Their lien applies only to the extent of the amount due from the owner to the principal contractor, and their first task is to establish that amount. To prove it, they must allege it, and this they have done in the allegations objected to under the third specification of the demurrer.

Fourth. I suppose the allegation that certain amounts specified are due from Avery to plaintiffs, other than Freese, respectively, is quite sufficient, without alleging that those amounts have not been paid by Freese. The money could not be due from Avery if it had been paid by Freese; and the affirmative allegation of the facts upon which the indebtedness arose, and that such indebtedness still exists, is sufficient without the negative allegation of nonpayment. The demurrer will be overruled, with costs to the plaintiffs to abide the event of the action, but with leave to the defendant to withdraw the demurrer and answer over within twenty days.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Carrington Avery, for appellant.
Henry S. Parsell, for respondent.

PER CURIAM. Interlocutory judgment affirmed, with costs, on opinion of DWIGHT, J., delivered at special term, with leave to defendant to withdraw his demurrer and answer upon payment of the costs of the demurrer and of this appeal.