should be repayable by Daly. There could be no question but that Moffatt could have transferred the right to recover this amount after Daly's death, and we think that the instrument by which Moffatt attempted to assign the contract to the appellants was sufficient to transfer to them the right to recover this amount in the event that Moffatt should, for any reason, be entitled to its repayment; and this irrespective of the right of Moffatt to assign the contract without Daly's consent. As we think that the appellants were entitled to recover this amount of $1,500, there must be a retrial; but as the appellants fail in their main contention, and as the respondents were bound to defend the claim, it should be without costs.

The judgment is therefore reversed, and a new trial ordered before another referee, without costs on this appeal. All concur.

(57 App. Div. 574.)

### COMMERCIAL PUB. CO. v. BECKWITH.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

1. EXAMINATION BEFORE TRIAL—MATERIAL FACTS—PERSONAL KNOWLEDGE OF DEFENDANT—RIGHT OF PLAINTIFF.

Where, in an action to recover money collected by defendant from various persons, the names of such persons and their addresses and the times and amounts of collections were unknown to plaintiff, and could be proven only by defendant's testimony, plaintiff was entitled to an order for the examination of defendant before trial.

2. SAME—TRIAL—PRESENCE OF DEFENDANT.

Where material facts unknown to plaintiff were within the personal knowledge of defendant, and could be proven only by defendant's testimony, the fact that defendant stated that he intended to be present at the trial constituted no ground for refusing plaintiff's application to examine the defendant before trial.

Appeal from special term, New York county.

Action by the Commercial Publishing Company against Samuel C. Beckwith. From an order vacating an order for the examination of defendant before trial, plaintiff appeals. Reversed.

See 55 N. Y. Supp. 157.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

A. Walker Otis, for appellant.

Anthony B. Porter, for respondent.

PER CURIAM. It appears from the affidavits that the money sought to be recovered in this action was collected by the defendant from various persons who were debtors of the Memphis Appeal Company, and at different times after the 28th of February, 1896. Neither the names and residences of these persons, nor the amount collected from each one of them, nor the times when the several collections were made, are known to the plaintiff, but these facts are within the personal knowledge of the defendant. It is evident that, with the testimony of the defendant upon all these questions, the plaintiff will be able to make out a good cause of action, and that without his testimony it is difficult, if not practically impossible, for it to prove what is alleged

in the complaint. The evidence of the defendant, therefore, is material and necessary for the plaintiff to have upon the trial of the action. It is not difficult to surmise that, if the plaintiff should be left until the trial before having an opportunity to examine the defendant as to these collections, it might be seriously crippled in its effort to ascertain the facts; and, if the defendant's recollection should happen to fail at the trial, the plaintiff would be left in the lurch, and unable to establish its case. It is not beyond the bounds of possibility, also, that the defendant might not feel called upon to appear on the trial, in which case the plaintiff would undoubtedly be without remedy. Even if the defendant stated that it was his present intention to be present at the trial, that would be no reason why the examination should be refused. Presbrey v. Public Opinion Co., 6 App. Div. 600, 39 N. Y. Supp. 957; Press Pub. Co. v. Star Pub. Co., 33 App. Div. 242, 53 N. Y. Supp. 371. This case is not within the reasoning nor is it controlled by the case of Jeffries v. Brown (recently decided by this court) 68 N. Y. Supp. 1141.

The order should be reversed, with $10 costs and disbursements, and the motion to vacate the order for the examination of the defendant denied, with $10 costs.