INSURANCE PRESS v. MONTAUK FIRE DETECTING WIRE CO. et al.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

EXAMINATION BEFORE TRIAL.

Where plaintiff's action depended on showing that $3,000,000 of stock was issued by defendant corporation to the defendant owner of certain patents in consideration for a transfer of the patents to the corporation, and that the patents were of the value of $10,000 or less, it was not error to grant an order for the examination of the owner before trial, to secure his opinion of the value of the patents.

Van Brunt, P. J., and Laughlin, J., dissenting.

Appeal from special term, New York county.

Action by the Insurance Press against the Montauk Fire Detecting Wire Company, John D. Gould, and others. From an order denying a motion to vacate an order for the examination of John D. Gould as a party before trial, said Gould appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Irving L. Ernst, for appellant.
A. Walker Otis, for respondent.

INGRAHAM, J. We think the affidavit upon which the order for the examination of this defendant was granted was sufficient to jus-

tify the order, and that the court below properly refused to vacate it. The fact upon which the plaintiff's cause of action depends is that three millions of the stock of a corporation were originally issued to the defendants John D. Gould and Charles A. Hanson as a consideration for the purchase of certain patents then owned or controlled by John D. Gould and Charles A. Hanson, and that said patents did not exceed in value the sum of $10,000. The plaintiff desires to examine the said Gould for the purpose of obtaining testimony to be used upon the trial to prove that fact. The plaintiff must prove, to sustain his cause of action, that this patent was worth much less than the amount of stock which was issued for it. The Code provides for such an examination before trial where it is evident that the testimony of the person sought to be examined will be material upon the trial. The plaintiff is not bound to wait until the trial, when the defendant can keep out of the way and avoid the service of a subpœna, but he is entitled to have the testimony taken before trial, so that it can be available for use when the case is tried.

We think the affidavit was sufficient to justify the court in ordering the defendant to be examined as a witness, and that the order appealed from should be affirmed, with $10 costs and disbursements.

McLAUGHLIN and HATCH, JJ., concur.

LAUGHLIN, J. (dissenting). I think the affidavits were clearly insufficient to require the granting of the order, and that the motion was properly denied. What is the assigned object of the proposed examination? Not to obtain evidence of a fact, but merely the opinion of the defendant Gould as to the value of the patents, which are a device for the discovery of fire. The patents have been purchased by the company of which plaintiff is a stockholder, and presumably they are in its possession, and open to examination by the plaintiff, or any experts whose opinion he may desire concerning their value, at any time. It does not appear, nor is it alleged, that the defendant Gould possesses any special knowledge concerning them, not readily obtainable by others. It is not claimed that he has made any admission as to their value conflicting with the price charged on the sale to the company. It is alleged that this examination is material and necessary for the plaintiff in the prosecution of the action, but it is not alleged, either in substance or effect, that the plaintiff intends to use the evidence upon the trial. This is not a case where we may dispense with formal allegations of intention to use the testimony upon the trial, upon the ground that such is the reasonable inference to be drawn from all the facts and circumstances disclosed. Here the inference is plain that the plaintiff does not intend to use this evidence upon the trial. His object is to ascertain how the defendant Gould thinks these patents can be utilized to produce a return which will justify the valuation at which they were turned over to the company. That is Gould's defense, if he has any, and is something the plaintiff is not entitled to know in advance.

VAN BRUNT, P. J., concurs.