CORN EXCHANGE BANK v. LORILLARD et al.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. EXAMINATION BEFORE TRIAL—ACTION TO REACH TRUST FUND.

In an action to reach a part of the income from a trust fund, where it appeared that the cestui que trust was entitled to so much thereof as was necessary for his support, plaintiff was entitled to an order for the examination of the trustees before trial, to ascertain the amount of the income and surplus, if any, and to discover in whose possession the books relating to the trust were kept.

2. SAME—EXTENT OF ORDER.

It appearing that trustees were appointed at different times, and there being no showing that all the facts could be established by any one of them, the order for examination properly included all the trustees.

Appeal from Special Term, New York County.

Action by the Corn Exchange Bank against Ernest E. Lorillard and others as trustees of Jacob Lorillard. From an order denying a motion to vacate an order for the examination of witnesses before trial, defendants appeal. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Richard L. Sweezy, for appellants.

J. C. Thomson, for respondent.

PER CURIAM. This appeal is from an order denying a motion to vacate an order directing the examination of the defendants above named before trial. The affidavit upon which the order directing the examination is based sets forth the nature of the action, the substance of the judgment demanded, the nature of the defense, and complies in other respects with the section of the Code permitting an examination of witnesses before trial. Section 872, Code of Civil Procedure. Further facts are stated, from which the court can see that a necessity exists for the examination, and that the testimony of the witnesses sought to be examined is material and necessary to enable plaintiff to establish its cause of action.

The action is brought to reach a portion of the income from a trust fund, and to have the same applied towards the payment of a judgment recovered against Jacob Lorillard, and now owned by the plaintiff. The trust fund was created by the will of Peter Lorillard for the benefit of Jacob Lorillard, who, according to the moving papers, is entitled to so much of such income as will suitably maintain and support him. The persons sought to be examined are the trustees of this fund, and the purpose of the examination is to ascertain the extent and amount of such income, as well as the surplus, if any, which has accumulated during the period of their trusteeship; also for the purpose of ascertaining in whose possession the books and papers relating to said trust estate now are. Definite and accurate information of such subjects is peculiarly within the knowledge of the trustees, and the plaintiff, having no knowledge on the subject, has a right in advance of the trial to take their testimony. It is not obliged to wait until the trial, and take its chances of their then being present either as parties or

82 N.Y.S.—41

witnesses. Commercial Pub. Co. v. Beckwith, 57 App. Div. 574, 68 N. Y. Supp. 600; Presbrey v. Public Opinion Co., 6 App. Div. 600, 39 N. Y. Supp. 957. It also has a right to examine all of the trustees, they having been appointed at different times, to the end that it may show all the facts connected with the trust estate; and in this connection it is to be observed that no suggestion is made in the answering affidavits that such facts could be established by any one of them.

The order appealed from is right, and should be affirmed, with $10 costs and disbursements.