### F. GARIA BRO. & CO. v. SALOMON et al.

(Supreme Court, Appellate Term. November 6, 1903.)

1. EXAMINATION BEFORE TRIAL—RIGHT OF PLAINTIFF.
    In an action by a principal against its agents to recover insurance money received by them for the destruction of its goods, shipped when in their control, plaintiff is entitled to an examination of one of them before trial as to the manner in which the goods were shipped, and the companies insuring; the necessity and materiality of the evidence and the agent's peculiar knowledge being shown.

Appeal from City Court of New York, Special Term.

Action by F. Garia Bro. & Co. against Gustav Salomon and others. From an order denying a motion to vacate an order for examination of a defendant before trial, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Mandelbaum Bros., for appellants.
William Bondy, for respondent.

BISCHOFF, J. The action is brought by a principal against its agents to recover insurance moneys received by the agents for the destruction of its goods shipped when in their control or subject to their dominion as agents; and an examination before trial was sought in order that the plaintiff might obtain the testimony of one

of the defendants as to the manner in which the goods were shipped, and as to the companies by whom the insurance moneys were paid. The necessity and materiality of this evidence for use upon the trial, and the fact of the agent's peculiar knowledge, sufficiently appear from the affidavits and from the circumstances of the case as disclosed by the complaint. The controversy arises between principal and agent, and in such a case the technical rules insisted upon by the appellants are to be relaxed in the interest of a full and fair disclosure. Whitman v. Keiley, 58 App. Div. 92, 95, 68 N. Y. Supp. 551. Within the authorities, these papers were sufficient to support the order for the defendants' examination. Com. Pub. Co. v. Beckwith, 57 App. Div. 574, 68 N. Y. Supp. 600; Insurance Press v. Montauk Fire Co., 70 App. Div. 50, 74 N. Y. Supp. 1093. And there appears to be no substantial merit in the appeal.

Order affirmed, with $10 costs and disbursements. All concur.