(89 App. Div. 17.)

TANENBAUM v. LIPPMANN et al.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. DISCOVERY—EXAMINATION OF DEFENDANT BEFORE TRIAL.
     Where proof of a fact is readily obtainable by plaintiff independently of the examination of defendant before trial, an order for his examination is improper.

2. SAME.
     Where no further information is needed by plaintiff, or, if needed, the information can be discovered without the examination of defendant before trial, an order for his examination is improper.

3. SAME—MATERIAL FACTS—PERSONAL KNOWLEDGE OF DEFENDANT.
     Where material facts connected with the cause of action averred in the complaint are for all practical purposes solely within defendant's knowledge, and plaintiff is unable to obtain the information after ex-

hausting his sources of information, an order for the examination of defendant before trial is proper.

4. SAME—PROMISE OF DEFENDANT TO BE PRESENT AT TRIAL—EFFECT.
   Where material facts are solely within the knowledge of defendant, the fact that he stated that he intended to be present at the trial constituted no ground for denying plaintiff's motion for the examination of defendant before trial.

Appeal from Special Term, New York County.

Action by Moses Tanenbaum against Gustav Lippmann and others. From an order vacating an order for the examination of certain defendants before trial and vacating a subpœna duces tecum, plaintiff appeals. Reversed.

See 84 N. Y. Supp. 1148.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Leo N. Levi, for appellant.
Benno Loewy, for respondents.

HATCH, J. This action was commenced in April, 1901, to recover damages for breach of a written contract. The complaint avers that the plaintiff is the successor in business of a firm of insurance brokers of which he was a member; that said insurance brokers entered into a contract with the defendants, whereby they, as agents for the defendants, should procure and pay premiums for all fire insurance required by the defendants, not less, however, than the market value of the property insured, for the period of five years from the 1st day of January, 1896; that said insurance was to be made upon certain merchandise, machinery, furniture, and fixtures contained in buildings described therein, and upon the value of use and occupancy, and that the defendants agreed that they would not allow any insurance upon said property except that which was effected through plaintiff's said firm; that the defendants were to pay therefor the rate of 70 cents per year for every $100 of insurance thus effected; that plaintiff's said firm fully performed the terms of said contract. It is then averred upon information and belief that the defendants failed to comply with the terms of said contract, in that they did not insure with plaintiff's said firm for the full value of the merchandise, machinery, and furniture located in the said buildings, but that they procured it to be insured by other insurance brokers, and carried insurance upon property outside of said building, which property had been specifically described in said contract for insurance with the plaintiff's firm, and that plaintiff, as successor of said firm, was damaged thereby in the sum of $2,447, for which amount judgment is demanded.

On April 8, 1903, plaintiff procured an order for the examination of the defendants David Lippman and Gustav Hilborn, such examination to be limited to an inquiry as to the market value of the merchandise, machinery, furniture and fixtures, profits, and use and occupancy of the defendants contained in the premises described in the contract, and also as to the procuring by the defendants of casualty, liability, additional, or other insurance upon any and all property

of the defendants contained and located outside of said premises during the term of said contract. In pursuance of this order the plaintiff issued a subpœna duces tecum, subpœnaing the two defendants to appear, with their books, for examination. Before the return day thereof the defendants made a motion upon the moving papers upon which the first order was procured to have said first-mentioned order vacated, which motion was granted; and from the order thereon entered this appeal is taken.

We think the order was properly vacated, so far as damages for failure to take out the insurance for use and occupancy are concerned. It is admitted that no such insurance was taken out during the period covered by the contract; consequently the facts are known as well to the plaintiff as to the defendants. If there has been a breach of the contract in this respect, the measure of damages is only remotely connected with the value and amount of the merchandise that was carried by the firm. The insurable value for use and occupancy is measured by the value of the use of the place where the defendants conducted their business. Tanenbaum v. Simon, 84 App. Div. 642, 82 N. Y. Supp. 1116. Proof of this fact, it would seem, is quite readily obtainable, independently of any examination of the defendants to establish it. They may not even know what it is worth. There is therefore no basis for the examination upon this subject.

So far as the outside insurance with other companies is concerned, it is quite probable that no further information is needed by the plaintiff beyond that already disclosed; and further facts in connection therewith, if needed, can be discovered by the plaintiff without the examination of the defendants, or either of them; and the plaintiff is bound under such circumstances to follow up such means of information, rather than to resort to the examination of the defendants. Tanenbaum v. Lindheim, 54 App. Div. 188, 66 N. Y. Supp. 375.

As to the amount and value of the stock of merchandise carried by the defendants during the period of the existence of the contract, a different question is presented. This information seems to be for all practical purposes solely within the knowledge of the defendants. The plaintiff seems to have exhausted the sources of his information upon this subject without obtaining the information to which he is entitled. The resort to commercial agencies, where such information is usually procurable, discloses that for a part of the time, at least, the defendants themselves declined to make statements in detail respecting the amount and value of their property to which the contract applied, stating as a reason therefor that their credit was sufficiently high without making such disclosure. This evidence is material and necessary to the plaintiff in establishment of his claimed cause of action, and we think a basis is presented for an examination in this regard. Such testimony cannot be regarded as being for the purpose of discovering whether or not a cause of action exists, but it is essential to prove the facts connected with the cause of action which is averred in the complaint, of which it is made to appear by the moving papers that the de-

fendants are possessed, and of which the plaintiff is ignorant. Under such circumstances the ignorant party is entitled to an examination, under the provisions of the Code of Civil Procedure (Herbage v. City of Utica, 109 N. Y. 81, 16 N. E. 62), and the fact that the defendants state that they will be present at the trial is not an answer to the application (Commercial Pub. Co. v. Beckwith, 57 App. Div. 574, 68 N. Y. Supp. 600). Upon this subject, therefore, the plaintiff is clearly entitled to an examination which shall disclose the facts so far as they are material to the claim made in the complaint. It is not necessary, however, that both defendants should be examined, if one is possessed of the information which the plaintiff requires. If so, the examination ·of one will be all that is necessary; if otherwise, both may be examined. The moving papers are sufficient. Tannenbaum v. Hilborn, 44 App. Div. 89, 60 N. Y. Supp. 406.

It follows that the order appealed from should .be reversed, and the plaintiff authorized to examine one or both of the defendants upon the subject of the value of their property to which the contract for insurance referred, without costs of this appeal to either party. All concur.