Benjamin Brenner, J.
The principal question presented here is whether plaintiffs’ bill of particulars is to be served before. or after defendants are examined before trial. The action is one to recover for fraud due essentially to defendants’ lack of religious orthodoxy, it being the main claim that the defendants, the husband and his mother, misrepresented to plaintiffs, the wife and her mother, their religious intentions, beliefs and practices for the purpose of inducing consent to the marriage. Such allegations of fraud are thus largely directed to the nature and degree of personal convictions which only imperfectly can be elicited upon an examination before trial.
In my- view an examination ordinarily ought to precede the service of a bill which helps to particularize and limit the issues to be tried (Lustig v. Long champs, 279 App. Div. 928). But the case is otherwise where, as here, plaintiffs do not disclaim *585 knowledge of the particulars (Tanenbaum v. Lindheim, 54 App. Div. 188) nor submit an affidavit claiming such lack of knowledge (Parker-Lauer Realty Co. v. Long Island R. R. Co., 263 App. Div. 955). Belying as they do on subjective mental processes and the religious beliefs of the defendants, of which plaintiffs themselves seem to be peculiarly aware, they are not entitled to examine the defendants before service of the bill of particulars.
Motion to modify defendants’ demand for a bill of particulars is granted in the following respects: The word “ facts ” is substituted for the words “ in what manner it will be claimed” and the words “in detail” are deleted in item 4. Item 6 is stricken; the word ‘ ‘ exact ’ ’ is stricken from item 7a; the words “facts to ” are substituted for the words “ in what manner it will” in item 8; the words “facts to” are substituted for the words “ in detail in what manner it will ” in item 9; the Avords “ facts to ” are substituted for the words ‘ ‘ the manner in which it will ’ ’ in item 12. Plaintiffs shall serve said bill of particulars in accordance with the demand, as herein modified, prior to the commencement of defendants’ examination before trial.
Settle order on notice.