CHARLES H. CLARK and Another, Respondents, *v.* WILLIAM WILCK-
LOW and MARY A. FRY, Appellants, Impleaded with FRANCIS M.
McDOWELL.

*Examination of defendants before trial — to discover whether a company name repre-
sents a corporation or a co-partnership, and who are the members of the latter.*

When, in an action brought upon a written agreement alleged to have been exe-
cuted on the part of the defendants under a company name signed by one of the
defendants, the complaint states, on information and belief, that the defendants
were partners in business, under the company name, as a firm name, and the
answer denies the co-partnership and that certain of the defendants had any
interest in the business or contract mentioned, a proper case for an order for the
examination of the defendants before trial as to what the company is and of whom
it consists, is presented by an affidavit of the plaintiff which contains the
formal requirements of section 872 of the Code of Civil Procedure, and states
that the plaintiff has no knowledge on the subject of the desired examination,
and no information other than a statement of the Secretary of State that
no articles of association of such a company were on file in his office, and the
statement of one of the defendants that at one time the company consisted of
the defendants as co-partners.

APPEAL by the defendants, William Wilcklow and Mary A. Fry,
from an order of the Supreme Court, made at Special Term and
entered in the office of the clerk of Monroe county on the 25th day
of September, 1893, denying a motion to vacate an order for defend-
ants' examination before trial, theretofore granted by a justice of
the Supreme Court upon the application of the plaintiffs.

*J. H. Barhite*, for the appellants.

*W. W. Armstrong*, for the respondents.

DWIGHT, P. J.:

The action was on a written agreement which the complaint
alleges was executed on the part of the defendants, in the
name of "The Sanitas Soap Vase Co., by William Wilcklow,
manager," for services to be performed by the plaintiffs for the
defendants; and, on information and belief, that the defendants
were partners in business under the firm name of "The Sanitas
Soap Vase Co." The answer denies the co-partnership and denies

that the two defendants other than Wilcklow had any interest in the business or in the contract mentioned.

The affidavit upon which the order in question was obtained, after the formal averments required by section 872 of the Code of Civil Procedure, states that the plaintiffs have no knowledge of what the defendant company is or of whom it consists, and no information on the subject other than the statement of the Secretary of State to the effect that no articles of association of such company were on file in his office, and the statement at one time of the defendant Wilcklow, that it consisted of the defendants in this action, as co-partners. The affidavit also states that the facts bearing upon the question above mentioned are within the personal knowledge of the defendants alone, and that the plaintiffs know of no other source from which those facts can be obtained ; that it will be necessary for the plaintiffs to establish those facts upon the trial of the action, and they desire the testimony of the defendants in relation thereto in advance in order to prevent surprise on the trial.

We think the case made was a peculiarly proper one for the order in question, which confined the examination of the defendants to the matters above stated in the affidavit. The plaintiffs have no other means of proving the fact of which they have been informed by one of the defendants, than by the defendants themselves. The declaration of Wilcklow is not evidence against the other defendants, and the fact, so far as the plaintiffs know, is locked in their breasts. Must the plaintiffs await the day of trial and submit to the surprise and defeat which there await them in case the defendants deny the co-partnership, or may they avail themselves of the process furnished by the Code and ascertain beforehand whether the fact can be established as they believe it to be ? If not, they have the opportunity to withdraw from the litigation and save the further useless expenditure of time and money, to the defendants as well as to themselves.

We perceive no respect in which the case made by the affidavit falls short of the requirements of the statute (§ 872, *supra*), which, among other things, expressly provides that, in case of the proposed examination of a party to the action, the affidavit need not state any of the facts tending to show that his testimony cannot probably be procured at the trial. (Subd. 5, last clause.)

We think the order was properly made by the judge at Chambers and that the order of Special Term denying the motion to vacate it must be affirmed.

LEWIS and HAIGHT, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.