(58 App. Div. 92.)

## WHITMAN v. KEILEY.

(Supreme Court, Appellate Division, First Department.   February 8, 1901.)

EXAMINATION BEFORE TRIAL—RIGHT OF PLAINTIFF.

> Plaintiff's complaint and affidavits alleged that defendant was executor of a will under which she was the beneficiary; that the settlement of his accounts showed $63,000 on hand, which he was directed to turn over; that he did not do so, but retained possession of it, and finally claimed that he had but $10,000 on hand, which he refused to pay her unless she gave a general release, which she refused to do.   The answer alleged that, after settlement of defendant's accounts as executor, he turned over to plaintiff the property of the estate, and afterwards received it back, to be administered by him as her agent, and that he finally settled with her by giving her a check for $10,000, which she accepted and used.   Held, plaintiff was entitled to examination before trial.
>
> Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from special term, New York county.

Action by Ellen Whitman against John D. Keiley.   From an order denying motion to vacate an order for examination of defendant before trial, and the production of certain books and papers in connection with the examination, defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Martin B. Pans, for appellant.
Edwin S. Hunt, for respondent.   .

McLAUGHLIN, J.   Appeal from an order denying defendant's motion to vacate an order requiring him to submit before trial to an examination, and to produce in connection therewith certain books and papers.   The motion to vacate was made upon the same papers upon which the order directing the examination and the production of the books and papers was granted.   These papers consisted of the complaint, the answer, and two affidavits, one by the plaintiff and the other by her husband.   From these papers it appeared that in 1877 one Harold Henwood died, leaving, him surviving, his widow—this plaintiff—and an infant son.   He left a will, by which he gave all of his property to the plaintiff and their son, to be equally divided between them, and making the plaintiff a trustee for the son until he should arrive at the age of 21 years.   The executors named in the will were the defendant, one Halliard, and the plaintiff.   The will was admitted to probate, and letters testamentary issued to the defendant and Halliard; the plaintiff not qualifying.   The defendant alone assumed the active administration of the estate, Halliard taking no part whatever therein subsequent to December 21, 1878, on which day, in the probate court of Hudson county, N. J., a decree was made, wherein the accounts of the executors were settled, and it was adjudged that the balance in their hands, after payment of commissions and other expenses, was the sum of $63,612.76, which sum the decree directed them to dispose of according to law.   It also appeared that after the entry of the decree in the probate court the defendant did not turn over to the

plaintiff this property, but retained possession of it, and collected the income therefrom, as well as the income from certain real estate which she was entitled to, and made investments of the same, treating it in all respects as if it were his own, sending to the plaintiff, from time to time, his personal checks for different amounts; that in 1879 he made a statement to the defendant of the funds in his hands, which showed a balance in her favor of $54,354.62 after the payment of a specific legacy of $10,000; that from the time this statement was rendered until 1893, when she again married, the defendant gave her no information as to her property or its management, and this notwithstanding the fact that in the meantime she frequently requested him to give her such information; that in February, 1894, he did furnish a statement, but it was, at his request, returned; that this statement purported to be from January 1, 1886, to December 11, 1893; that thereafter she obtained two other statements, purporting to cover the period between the latter date and January 1, 1898; that these were the only statements she ever had, and that it was impossible for her to ascertain from them what the defendant had done with her property, how he had managed it, or what the income had been therefrom; that the statements were erroneous upon their face, in that they did not contain a full statement of the sums received by the defendant, or the correct amounts retained or paid out by him; that they showed a balance in his hands of only $10,142.63, which the defendant had refused to pay over to her unless she would give him a general release, which she had refused to do. The judgment demanded in the complaint is an accounting by the defendant of all the transactions in relation to plaintiff's property subsequent to August 27, 1879.

The defendant, in his answer, admitted the death of Henwood, the admission of the will to probate, and that he and Halliard alone qualified as executors; and alleged that on the 21st of December, 1878, the accounts of the executors were settled, and a decree entered directing the distribution of the funds in their hands; that immediately thereafter the defendants did in fact turn over to the plaintiff all of the property of the said estate, and took her receipt therefor, and subsequently, at her request, he received back the said property into his possession, to be administered by him "as the agent and representative of said plaintiff, under and pursuant to a power of attorney executed by said plaintiff to this defendant for that purpose, and delivered to him by her; and that thereafter this defendant held and administered this property for the said plaintiff in pursuance of such employment, and not otherwise." The defendant admitted that it was his duty, as such agent and attorney, to render to the plaintiff regular accounts of the administration of her property, and he alleged that in pursuance of such duty he did render her such accounts, commencing each year from 1879 to and including January 31, 1898; that such accounts were received, accepted, and retained by the plaintiff without objection, and he alleged that by the acceptance and retention of the accounts without objection the same "became and were and are accounts stated." He further alleged that on the 31st of January, 1898, he rendered to

the plaintiff an account of his transactions as her agent, at which time he delivered to her a check for $10,142.62,—the balance due her,—and that she accepted and used such check; and he asked that the complaint be dismissed, with costs.

We are of the opinion that this order was properly granted, and this even though, as alleged in defendant's answer, he had settled and been discharged as executor, and thereafter had been acting as the agent of the plaintiff. If he were the agent of the plaintiff, no good reason can be suggested why he should not make the fullest disclosure to her of his own acts,—what he has done with her property, how he has managed it, and what have been the expenses connected with such management, and why it has decreased under his management from upwards of $50,000 to $10,000,—and why he should not produce all of his books and papers bearing on that subject. The general rule is that, where the fiduciary relation of principal and agent exists, and the facts, as here, are peculiarly within the knowledge of the party sought to be examined, the technical rules which govern the granting of orders for the examination before trial, and the production of books and papers in connection therewith, are relaxed, and that it is the duty of the party sought to be examined to make a full disclosure of what he has done. Carter v. Good, 57 Hun, 116, 10 N. Y. Supp. 647; Green v. Carey, 81 Hun, 496, 31 N. Y. Supp. 8. This rule is a salutary one. No good reason can be suggested that, where one party acts as the agent of another in the management of his property, why, when called upon by his principal, he should not make the fullest disclosure of what he has done with that property, and especially is this true where the principal absolutely surrenders the control and management of the property—as in the case before us—to the agent. Nor do we think the allegation in defendant's answer that he had settled with the plaintiff should be permitted to defeat the examination. If a settlement was had, no good reason can be suggested why the defendant should not show that there was a proper basis for it, that it was a fair settlement, that the plaintiff got all she was entitled to, that he did not take advantage of her by reason of the fiduciary relations existing between them. He could not, of course, take advantage of this relation to her prejudice and to his own advantage. A settlement, to be binding and effective, under the facts set out in this record, must have been fair, and each of the parties must have acted with full knowledge of what was being done. Here this plaintiff, when her husband died, was under 21 years of age. She was inexperienced in business. She surrendered her entire estate and that of her infant son to the defendant to manage for her. She trusted him, and relied upon his integrity. What he told her to do with reference to her property she did. He had been the friend of her deceased husband, and as such had assured her that he would look after her welfare and that of her infant child; that she need not hesitate to call upon him at any time for advice, and that whatever he did would be done for her benefit, and would be "a labor of love." Having thus induced the plaintiff to trust him,—which she implicitly did,—no good reason

can be suggested why he should not disclose to her what he has done, and, in a degree at least, commensurate with the trust which she resposed in him.

I think the order is right, and should be affirmed, with $10 costs and disbursements.

INGRAHAM and HATCH, JJ., concur.

VAN BRUNT, P. J. I dissent. I think that the plaintiff should be required to establish her right to an accounting by showing that the relations of trustee and cestui que trust existed during the period covered by the complaint. When she has established this fact, she then, as matter of law, would be entitled to an accounting, and upon that accounting she could have all the examination of the defendant which would be necessary.

O'BRIEN, J., concurs.