(99 App. Div. 65)

## GRIFFEN v. DAVIS.

(Supreme Court, Appellate Division, Third Department.   November 16, 1904.)

1. PARTIES—EXAMINATION BEFORE TRIAL—SCOPE.

In an action for an accounting brought against the confidential friend and adviser of plaintiff's assignor, evidence as to the fairness of an accounting and settlement between defendant and plaintiff's assignor, involving the consideration of items of receipt and disbursement by defendant, is competent and material, and defendant may be examined in respect thereto before trial.

2. SAME—ACCOUNTING—ISSUES.

In a suit for an accounting, the issues cannot be tried one at a time, but all issues, including a claim in bar that defendant has fully accounted and settled, must be determined prior to the interlocutory judgment; and that a trial of the issues prior to the interlocutory judgment will result in disclosing to the court all the facts necessary for a final judgment is no ground for refusing to allow an examination of defendant before trial.

Appeal from Special Term, Broome County.

Action by Sarah Belle Griffen against George B. Davis.   From an order of the Special Term modifying and limiting an order granted by a justice of the Supreme Court for the examination of defendant before trial, plaintiff appeals.   Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

William Nelson Noble, for appellant.
Randolph Horton, for respondent.

CHASE, J.   This is an action for an accounting.   The complaint alleges, in substance, that about the year 1882 one G., the mother of the plaintiff, received a legacy of $20,000; that G. was a woman without education or training in matters of business, and wholly incapable of making safe investments of her money or caring for the same without the aid of others; that the defendant is an attorney and counselor at law, and became the personal friend of G., and her legal and confidential adviser; that in 1889 a brother of G. had $10,000 invested in municipal bonds for her, and the defendant, acting as the agent for G., obtained the possession of said bonds, and thereafter retained the same and collected the interest thereon and the principal as the bonds severally became due, and invested and reinvested the same, and from time to time paid to said G. certain amounts from the money so received by him; that the relation between the defendant and G. was fiduciary; that the defendant has in his possession, as such agent, bonds, money, and papers of G.; that on the 7th day of February, 1903, G. assigned to the plaintiff all bonds, securities. papers, money, and property belonging to her and remaining in the hands of the defendant, and all right, title,

and interest, either legal or equitable, which she had in any claim or claims arising out of said defendant's being her agent as alleged; that G., prior to said assignment, and the plaintiff since that time, and each of them, have demanded a statement of account from the defendant, but the defendant has neglected and refused to give a statement of account as such agent, and the plaintiff is wholly unable to ascertain the amount so owing by the defendant to her, or the items and details of his transactions as such agent. The defendant, by his answer, denies that he was the confidential adviser of G., and alleges that he received said bonds in 1890 for safe-keeping only, and that the relation between G. and himself was that of bailor and bailee, and that prior to said assignment by G. to the plaintiff he fully accounted and settled with G. for all claims and demands existing between them, excepting as to two bonds, amounting to $1,000, which he alleges remain in his possession as collateral security for the payment of a note executed and delivered to him for value by G., and which note amounts to more than the value of said bonds. The defendant also alleges that all said claims of the plaintiff are barred by the statute of limitations.

After the issues were joined the plaintiff obtained an order ex parte for the examination of the defendant before trial. The defendant, upon the same papers, made an application at Special Term for an order modifying the order so obtained ex parte; and the court granted an order by which it directed that said order for the examination of the defendant before trial be modified "to the extent that such examination shall be confined and relate solely to the manner in which the bonds mentioned in the complaint came into the hands of the defendant, and the manner in which the same were held, and whether fiduciary relations existed between the defendant and the said Sarah J. Griffen regarding the same, and to any and all accountings claimed upon the part of the defendant as having been had between him and Sarah J. Griffen in her lifetime, but not to include any account of receipts or disbursements between the defendant and the said Sarah J. Griffen."

We think that it sufficiently appears that the court at Special Term assumed that evidence of the defendant's receipts and disbursements as the agent of G. would not be received on the trial of the issues. The defendant's answer is more than a plea of payment. He claims that his accounting and settlement with G. is a bar to the action. "A party to an action may be examined, at the request of his opponent, not only in regard to the facts necessary to establish an affirmative cause of action, but as to all matters material to the issues." Herbage v. City of Utica, 109 N. Y. 81, 16 N. E. 62. Assuming that the defendant was the confidential friend and adviser of G., evidence affecting the question as to whether the alleged accounting and settlement was fair and just to her, or whether she knew and understood what she was doing, and the effect of her acts in taking part in and assenting to the accounting and settlement, will be competent and material. Such an inquiry may involve the consideration of the items of receipt and disbursement by the defendant. No good reason can be suggested why the defendant should not disclose the facts to show whether there was a proper basis for the settlement with G. Whitman v. Keiley, 58 App. Div. 92, 68 N. Y. Supp. 551. The issues cannot be tried one at a time. The issues,

including the defendant's claim that the action cannot be maintained against him because he has fully accounted and settled with G., must be determined prior to the interlocutory judgment. The trial of the issues may result in a full examination of the items of account between the defendant and G. That such a trial of the issues will result in disclosing to the court all of the facts necessary for a final judgment is not a reason for refusing to allow an examination of the defendant as to all matters material on the trial of such issues. If all of the facts are before the court on the trial of the issues, an interlocutory judgment and a further reference may be unnecessary.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to modify the order for the examination of the defendant before trial denied. All concur.