LOUIS OSHINSKY, Respondent, *v.* EDWARD GUMBERG, Appellant.

Second Department, May 16, 1919.

Depositions — examination of adverse party before trial — when application granted — general rule and exceptions stated.

Applications in the Second Department for the examination of an adverse party before trial will only be granted to enable the applicant to prove his own case.

Departure from the aforesaid rule is justified in the following cases: *First,* litigations that present a fiduciary, or a quasi-fiduciary relation between the parties, and when the facts are peculiarly within the knowledge of the adverse party; *second,* litigations that present the relation of principal and agent or the like, and the facts are peculiarly within the knowledge of the adverse party; *third,* litigations in which a defense, unanswered and established, would destroy the plaintiff's cause of action.

When the judge to whom such application is made decides to apply an exception to the rule, the examination ordered should militate as little as possible against the principle that underlies the rule, namely, that such examination is to aid him who has the affirmative to bear his burden, not to inform him of the burden that rests upon his adversary.

APPEAL by the defendant, Edward Gumberg, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 11th day of January, 1919, denying his motion to vacate an order for his examination before trial.

*David Siegelman*, for the appellant.

*Max Schleimer*, for the respondent.

JENKS, P. J.:

For the certainty of procedure, we state a general rule that should obtain in this department upon applications for examination of an adverse party before trial.

The rule is this: The applicant can have the examination to prove his own case only.

This rule is subject to exceptions. (*Herbage* v. *City of Utica*, 109 N. Y. 81.) The exceptions cannot be classified; otherwise they would cease to be mere exceptions, in that they might be formulated as rules.

But I shall indicate certain kinds of cases wherein departures from the rule were justified. *First*. Litigations that presented a fiduciary or a *quasi* fiduciary relation between the parties, and *a fortiori* when the facts were peculiarly within the knowledge of the adverse party. *Second*. Litigations that presented the relation of principal and agent, or the like, and the facts were peculiarly within the knowledge of the adverse party. *Third*. Litigations in which a defense, unanswered and established, would destroy the plaintiff's cause of action. But in cases of this third class the examination was limited properly to avoidance and was not extended to disclosure.

Illustrations may be found in the judgments of *Carter* v. *Good* (57 Hun, 116); *Skinner* v. *Steele* (88 id. 307); *Holmes* v. *Crane* (167 N. Y. Supp. 735); *Griffen* v. *Davis* (99 App. Div. 65); *Kastner* v. *Kastner* (53 id. 293); and in *Whitman* v. *Keiley* (58 id. 92); *Schweinburg* v. *Altman* (131 id. 795); *Berg* v. *Horne Co.* (146 id. 412) and *Clark* v. *Wilcklow* (75 Hun, 290).

This classification is not inclusive of all exceptions possible. When the judge to whom the application is made, in the exercise of sound discretion decides to apply an exception not the rule, the examination ordered should militate as

little as possible against the principle that underlies the rule, namely, that such examination is to aid him who has the affirmative to bear his burden, not to inform him of the burden that rests upon his adversary. (See *Adams* v. *Cavanaugh*, 37 Hun, 232, 237.)

We think that the case at bar is without the rule, and for that reason that the order must be reversed, but without costs, and the motion to vacate order granted, without costs.

MILLS, BLACKMAR and JAYCOX, JJ., concurred; RICH, J., not voting.

Order reversed, without costs, and motion to vacate order granted, without costs.