JOHN C. SCHRIEVER, Respondent, v. ANTONIO CERASO and ALFRED CERASO, Appellants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ.

JESSIE V. SIMONS, Appellant, v. MANUEL J. JOHNSON, as Treasurer of the RICHMOND COUNTY CHAPTER, THE AMERICAN RED CROSS, Respondent.— Judgment unanimously affirmed, with costs. The allegations of the complaint, construed most favorably to plaintiff, do not show that she was possessed of any office that had any definite tenure of continuance under the by-laws or rules of the association. The position she held was a mere administrative agency, subject to be terminated at any time, with or without cause, at the pleasure of the governing board of the association. The principles applicable to the expulsion of members from corporations, or the amotion of officers having definite terms of office, or the expulsion of members from voluntary associations, do not apply. Present — Mills, Rich, Blackmar, Kelly and Jaycox, JJ.

ROBERT W. SMITH, JR., Appellant, v. ALBERT KOONZ, Defendant, and HAROLD A. KOONZ, Respondent. (Appeal No. 1.) — Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The circumstances disclosed in the affidavit are such as to justify the court that made the order for the examination of defendant in acting upon an affidavit made by plaintiff's attorney. The case falls within the principle of *Oshinsky* v. *Gumberg* (188 App. Div. 23), in that the examination is for the purpose of proving plaintiff's case only. The facts shown to the court indicate that the defendants, and they alone, have personal knowledge of exactly what was done in the operation upon plaintiff's mouth. Those facts the plaintiff must prove; and as the defendants alone have the knowledge, their examination is material and necessary to the plaintiff's case. Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ., concurred.

ROBERT W. SMITH, JR., Appellant, v. ALBERT KOONZ, Respondent, and HAROLD A. KOONZ, Defendant. (Appeal No. 2.) — Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, on authority of *Smith* v. *Koonz, No. 1* (*ante*, p. 913), decided herewith. Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ., concurred.

JOSEPH WERBELA, Appellant, v. THOMAS COLLIERY COMPANY, Respondent.— Order and judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ.

In the Matter of the Application of FRANK B. COTTE, Appellant, for a Writ of Mandamus Directing FRANKLIN C. GILBERT, as Town Clerk of the Town of Hempstead, in the County of Nassau, and Others, Comprising the Board of Elections of the County of Nassau, Respondents, to Disregard the Names of Hiram R. Smith and George Wilbur Doughty as Candidates for the Office of Supervisor for the Town of Hempstead, and to Prepare Ballots, Stationery and Other Paraphernalia for the Election to Be Held on November 4, 1919, for Town Officers in Such Manner as to Omit the Names of Said Doughty and Said Smith as Candidates for the Republican Party.