GEORGE W. BECKEL, as Executor of and Trustee under the
Last Will and Testament of JOSEPH BECKEL, Deceased,
Respondent, v. ARTHUR K. SALOMON and Others, Copartners
in Trade, Doing Business under the Firm Name and Style
of SALOMON BROTHERS & HUTZLER, Appellants.   (Appeal
No. 1.)

Second Department, October 31, 1919.

Deposition — examination of defendants before trial — scope of
examination limited.

Where the complaint of an executor in substance alleges that the defendants,
who are stockbrokers, received from a co-executor of the plaintiff, since
removed from office, certain specified bonds belonging to the estate without
consideration and with the knowledge that they belonged to the estate
and not to the co-executor, an order for the examination of the defendants
before trial should be limited to an examination as to the delivery of the
specified bonds with the attending circumstances, the consideration and
the state of the accounts between the defendants and the executor at the
time of the delivery of said bonds with a description thereof, and the
knowledge of the defendants as to the ownership of the bonds, etc., but the
order should not require an examination as to what dealings on margin or
speculative account the defendants had with the plaintiff's co-executor,
for it permits an examination as to matters that cannot be material or
relevant to the allegations of the complaint.

Where it is difficult to say in advance what evidence would be material
or relevant to the allegations of the complaint, the order for examination
should be confined to said allegations and it should be left to the judge
who presides at the examination to determine what questions are relevant
thereto.

APPEAL by the defendants, Arthur K. Salomon and others,
from an order of the Supreme Court, made at the Kings County
Special Term and entered in the office of the clerk of the
county of Kings on the 17th day of June, 1919, denying their
motion to vacate an order entered on the 29th day of May,
1919, directing the examination before trial of the defendant
Charles H. Bernheim.

I. Maurice Wormser [Stephen C. Baldwin and C. Arthur
Levy with him on the brief], for the appellants.

M. Michael Edelstein, for the respondent.

PER CURIAM:

The order authorized an examination as to facts which the plaintiff must establish in order to prove his cause of action. It falls, therefore, within our decision in *Oshinsky* v. *Gumberg* (188 App. Div. 23), and the motion to vacate was properly denied, but we think the order gave too wide a latitude in the examination. The complaint alleges that the co-executor of the plaintiff, since removed, in violation of his duty, delivered to the defendants sixteen New York city three and one-half per cent coupon bonds maturing May 1, 1954, and that the defendants received such bonds without consideration with the knowledge that they belonged to the estate and not to the co-executor. The plaintiff claims that for the purpose of establishing these allegations he is entitled to the examination before trial.

The order provided that defendant Bernheim be examined as to what dealings and transactions on margin or speculative account, or purchase or sale of securities, the defendants have had with one Isaac Strauss, what collateral, what cash, and particularly what New York city bonds and the description thereof the defendants have received from said Strauss, and at what times the defendants have received New York city bonds from said Strauss, together with the numbers and description thereof, what securities defendants have delivered to said Strauss, and what collateral defendants received from said Strauss, together with a full description thereof, and the times the same were so received.

It is obvious that this order permits the examination of the defendant on matters that cannot be material or relevant to the allegations of the complaint. It is difficult to say in advance what evidence would be material or relevant to these allegations, but the order should be confined to the allegations of the complaint and it should be left to the judge who presides at the examination to determine what questions are relevant thereto. We think the order should be modified by limiting the examination to the delivery of the sixteen New York city three and one-half per cent coupon bonds together with the circumstances attending such delivery; the consideration therefor; the state of the accounts between the defendants and Isaac Strauss at the time of the delivery of the bonds;

a complete description of the bonds; the knowledge of the defendants as to whether the bonds were held by Isaac Strauss as executor, including the fact that he was executor; the disposition of the bonds made by the defendants and the circumstances attendant thereon, and any fact relevant to the above specified subjects of the examination.

The order should be modified in accordance with this opinion, and as modified affirmed, without costs.

JENKS, P. J., MILLS, PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Order modified in accordance with opinion, and as modified affirmed, without costs.