LOUIS TILZER and Others, Copartners, Doing Business under the Firm Name and Style of TILZER BROS., Respondents, *v.* BATTERY PARK TRADING CO., INC., a Domestic Corporation, Appellant.

First Department, December 17, 1920.

**Depositions — action to recover for goods sold — commission to take testimony in foreign country — cause placed on short cause calendar — motion for commission made two days before date fixed for trial — defendant not guilty of laches.**

Where in an action to recover for goods sold and delivered for export to a foreign country, the defendant counterclaims for the plaintiff's failure to deliver certain goods, and also for damages caused by reason of the fact that the goods were not according to sample, and the action is placed on the short cause calendar on the plaintiff's motion, it is error to deny the defendant's motion for a commission to take testimony in the foreign country in order to establish its counterclaims, where the moving papers show a state of facts which entitle the defendant to a commission, although defendant's motion was not made until two days before the date fixed for trial.

The fact that a case has been shortcaused is no reason why a motion for a commission to take testimony should not be granted upon good cause shown, nor would it be any answer to a motion to shortcause that the issuance of a commission was necessary. The two motions are not interdependent nor should one necessarily be denied because the other is granted.

*Held*, that the defendant has not been guilty of laches but has been unduly and improperly forced to trial in a practically defenseless condition.

DOWLING, J., dissents, with opinion.

APPEAL by the defendant, Battery Park Trading Co., Inc., from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 27th day of March, 1920, upon the verdict of a jury rendered by direction of the court; also from an order entered in said clerk's office on the 10th day of March, 1920, denying defendant's motion for a commission to take testimony, and also from an order entered on the 20th day of March, 1920, denying defendant's motion for a reargument of the motion for a commission.

*Nathaniel Choloney* of counsel [*Choloney & Weinberger*, attorneys], for the appellant.

*David Goldstein* of counsel [*Aiken A. Pope* with him on the brief], *Goldstein & Goldstein*, attorneys, for the respondents.

CLARKE, P. J.:

The action was brought to recover $7,320 for goods sold and delivered. The goods were canned fruits and were exported to England. The answer contained two counterclaims, one amounting to $2,832 for failure to deliver certain cases of goods under the contract. The second counterclaim was for $9,667 for damages upon the ground that a large part of the goods shipped by plaintiffs were not according to sample submitted, and were not of the brands, or quality agreed upon, and warranted and represented by plaintiffs to defendant, but on the contrary were goods of inferior quality.

Issue was joined by the service of a reply on the 3d of December, 1919. The plaintiffs noticed the case for trial at the first term it could be noticed for, namely, the January, 1920, term and on February twenty-fourth made a motion to place said case on the short cause calendar, and by order said case was set down for trial on March eighth. By order to show cause dated March sixth, returnable at two P. M. on said day, the defendant made an application for the issuance of a commission to take the testimony of certain witnesses residing in the city of Liverpool, Eng., for the purpose of proving its counterclaim, an inspection of said goods not having been had until their delivery in England. The papers presented upon the motion for said commission exhibit a state of facts which entitle the defendant to the commission prayed for. A representative of defendant upon receiving complaints from their English representatives had in December sailed for England for the purpose of obtaining the necessary facts and the names of witnesses, and there would have been no difficulty in obtaining the necessary data upon which to frame interrogatories and to have the evidence taken and returned long before a trial of the case could have been had under ordinary circumstances. But the case was moved onto the short cause calendar as an action on contract and the time of trial was, therefore, advanced. The question presented upon

a motion to advance the trial under the rule is whether under the pleadings the plaintiffs are entitled to short cause the case. The fact that a case has been shortcaused is no reason why because thereof a motion for a commission to take testimony should not be granted upon good cause shown, nor would it be any answer to a motion to short cause that the issuance of a commission was necessary. The two motions were not interdependent nor should one necessarily be denied because the other is granted. The defendant made repeated attempts to preserve its rights, but the motion for a commission having been denied was forced to trial without having any evidence to sustain its counterclaim, and having no defense to the cause of action pleaded, except by way of counterclaim, a verdict was directed by the court in plaintiffs' favor for the full amount sued for.

I do not agree with my brother DOWLING that the defendant has been guilty of laches, but on the contrary it seems to me that it was unduly and improperly forced to trial in a practically defenseless condition. It seems to me that it is acting in entire good faith and that it should be given an opportunity to procure its evidence and present a claim which there is no reason upon these papers to suspect is not meritorious. I advise that the judgment appealed from be reversed and a new trial ordered, with costs to appellant to abide the event, that the order denying the motion for a commission to take testimony be reversed and the motion granted, with ten dollars costs and disbursements, and that the appeal from the order denying the motion for reargument of said motion be dismissed without costs.

LAUGHLIN, MERRELL and GREENBAUM, JJ., concur; DOWLING, J., dissents.

DOWLING, J. (dissenting):

The question involved in this appeal is defendant's right to the issuance of a commission to examine witnesses outside of the State and to an adjournment of the trial of this action pending the return of such commission.

The action is brought to recover the sum of $7,320 for

goods sold and delivered by plaintiffs to defendant between June 2 and 10, 1919. The amended answer denies the allegations of the complaint as to the sale and delivery of the goods in question. It sets up two counterclaims: (1) For $2,832, being the damages claimed to have been sustained by reason of the plaintiffs' failure to deliver to the defendant 708 cases of Keiffer pears, contracted to be sold on April 23, 1919; (2) for $9,667, being the damages claimed to have been sustained by reason of the difference in brands and inferior quality of certain canned fruits bought for export between February 11, 1919, and April 7, 1919.

The action was commenced June 24, 1919, and an answer was served August 25, 1919. Defendant obtained extensions of time to serve an amended answer which finally was served October 23, 1919. The reply was served December 3, 1919. On February 24, 1920, a motion was made by plaintiffs to place the case on the short cause calendar at Trial Term, Part II, and despite defendant's opposition the motion was granted and the case was set down for trial for March eighth. The papers used in opposition to the motion are not in the record on appeal. No appeal has been taken from said order. On March sixth, two days before the date fixed for the trial, an order to show cause was obtained why a commission should not issue to take the testimony at Liverpool, Eng., of Herbert Ward, Horace M. Bennett, William Osborn, W. E. Smeatham, G. Freeman and William Johnston, all residents of said city, upon interrogatories and cross-interrogatories to be annexed, and' why the trial of the action should not be stayed until the return of such commission. The moving affidavit shows that the testimony sought is to be used solely in proof of the second counterclaim set forth in the amended answer; that Ward & Bennett of Liverpool, Eng., are defendant's agents there; that George M. Dickerson, defendant's president, at some time after December 23, 1919, went to Liverpool, Eng., " in order, among other matters, to go over with the representatives of the defendant in England, the items of damage in this matter, as set forth in defendant's counterclaim, and to ascertain the probable witnesses for defendant; and that as deponent is informed and verily believes, Mr. Dickerson is leaving Liverpool, England, within

a day or two, and is expected back in New York within the time it requires the steamer to reach New York from Liverpool; that as a matter of fact, the defendant is not even now, although it has used the utmost diligence, in a position to make this motion, and to frame interrogatories intelligently, having expected to make the same as soon as Mr. Dickerson returns from England; but is forced to make the same now by reason of the fact that the plaintiffs short caused this case, although they knew well that this defendant's counterclaims could not be proven, except by testimony adduced from Liverpool, England, and although the attorneys for the plaintiffs have been informed that Mr. Dickerson has gone to England to ascertain the facts in the matter and that a commission will be applied for; that correspondence and exchange of cablegrams have been going on between Liverpool and the defendant's company relative to this matter, but because of the complicated nature of the matter, exact details such as are essential to draw interrogatories intelligently, have been slowly forthcoming."

The learned justice presiding at Trial Term, Part II, adjourned the trial until the decision of said motion. The learned justice at Special Term denied this motion upon the ground that " Two of the Justices of this Court sitting in Part II, having passed upon the question of the issuance of a commission as appears by the affidavit of the attorneys for the plaintiffs this motion must be denied." In this he was in error, being misled apparently by the statement in an affidavit by one of plaintiffs' attorneys that the justice presiding at Trial Term, Part II, had refused to adjourn the trial of the case, and that another justice at Special Term, Part II, had struck out a provision for a temporary stay. The latter act had no bearing on the merits and in fact the justice presiding at Trial Term had adjourned the trial of the case until after the justice at Special Term had passed on the motion for a commission on the merits. A motion for a reargument was then made by plaintiffs, setting forth the alleged misleading nature of the opposing affidavit on the original motion. This motion was also denied on March twentieth. The cause finally came up for trial on March twenty-seventh, and defendant at the opening of the case renewed its motion for

First Department, December, 1920. [Vol. 194.

a commission, which was denied. The trial then proceeded, and defendant's counsel cross-examined the two witnesses who testified on behalf of plaintiffs, but offered no proof in support either of its defense or its first counterclaim, as to neither of which was the testimony sought to be obtained by commission necessary or material. A verdict was directed for plaintiffs for the full amount claimed and an appeal has been taken therefrom, as well as from the various refusals to order that a commission issue.

I am of the opinion that the time for defendant to fully advise the court of the reasons why a commission was necessary was when the motion for the trial of the action on the short cause calendar came on to be heard. All that appears in this record bearing directly on what occurred at that time is thus set forth in the affidavit of defendant's attorney: " At said time, deponent was sick at home with the influenza, and deponent's partner, Samuel Weinberger, Esq., who, although he is fully acquainted with the case in general, did not know of all the proceedings in the matter, submitted a short affidavit, at the end of which he stated that the defendant will apply to this Court for a commission to take testimony in England for the purpose of establishing its defense to the plaintiffs' cause of action, and to establish the counterclaim of the defendant, and asked that this case be not placed on the special calendar until such time as the commission that will be applied for, has been returned to this country."

It does not appear that defendant ever disclosed to the court the names of its witnesses, the nature of their testimony, or in any way sought to convince the court of its good faith in resisting the speedy trial of the action. No appeal was taken from the order setting the case down for trial, nor does it appear that there would have been the slightest hope for the success of such an appeal on the record thus made. Orderly procedure would seem to require that if any valid reason exists why a speedy trial of an action should not be had, such reason should be made known when the motion to advance the trial is made and not delayed until the plaintiff is ready to proceed with the trial.

In the case at bar there is no suggestion of any reason why defendant could not have had all the desired information as

to names of witnesses and the nature of their testimony from its own agents at Liverpool, Ward & Bennett, who appear to be the parties sought to be examined. Indeed, there is no claim that defendant did not have this information all the time. It certainly had the detailed information in its possession on October 22, 1919 (four months before the motion to short cause the case was made), as it sets forth eleven specific and detailed items of defects in as many different kinds of merchandise, all of which it alleges were discovered upon inspection of the goods on their arrival in England, made by defendant's duly authorized agents. The specifications of defects set forth in the amended answer show that the examination had been thorough and that defendant had full knowledge thereof, presumably received from Ward & Bennett, since Dickerson had not yet left for England. It is obvious that defendant was in possession of complete knowledge of the necessary facts on which to base an application for a commission as early as October 22, 1919, and did not furnish the same to the court in opposing the motion for the short cause calendar, which was heard on February 24, 1920. This it should have done and if unable to satisfy the court of its good faith in seeking to delay the trial, it had its remedy by appeal. But the affidavit of defendant's attorney upon the motion for a reargument admits that " it was perfectly proper for Mr. Justice McAvoy to grant the motion to short cause," which demonstrates that defendant had not laid the facts before the court which it now claims would have either called for the denial of the motion or the postponement of the trial until the return of the commission. Defendant, knowing that it required the taking of testimony by commission to support one of its counterclaims, and having had the necessary facts in its possession for four months or more, should have made them known to the justice who heard the motion to set the cause down for trial by appropriate affidavit, and if defeated, have taken an appeal. Not having done so, it was too late to raise this demand for a commission upon the very eve of the trial.

Moreover, defendant has not been prejudiced in any way by this denial of a commission. Plaintiffs sued to recover for goods sold and delivered to defendant. There is no claim

that these goods were sold for export. There is no suggestion of any reason why defendant could not have presented its defense to the action, if it had one. Obviously it has no defense, nor did the cross-examination of plaintiffs' witnesses suggest any defense. Defendant is seeking to assert its counterclaims. But these do not arise out of the transaction on which plaintiffs sue. They are independent transactions which all occurred before the one set forth in the complaint. They are not barred by limitation or otherwise, and defendant can still sue thereon. Plaintiffs are in business in New York city and defendant is a domestic corporation, also located there. There is no reason why it cannot assert its claims in an appropriate action.

There is no claim that plaintiffs are not financially responsible, nor is there any suggestion of any reason why defendant will be damaged in having to pay a claim that has been adjudged to be a legal one, and which defendant did not seek to contest upon the trial, though it did not need the testimony of any foreign witnesses so to do. It did not even seek to establish its first counterclaim, amounting to $2,832, which was for the failure to deliver 708 cases of pears, which had nothing to do with any sale for export and to support which the testimony of the foreign witnesses was not required.

My conclusion is that the defendant was guilty of laches in making its motions for a commission; that it did not act in good faith in making the same but was simply trying to delay the trial of the action, and that it was not prejudiced by the orders appealed from.

The judgment and orders appealed from should be affirmed, with costs to respondents.

Judgment reversed and new trial ordered, with costs to appellant to abide event; order of March 10, 1920, reversed, and motion granted, with ten dollars costs; appeal from order of March 20, 1920, dismissed, without costs.