COLONIAL TRUST COMPANY (Successor to HIBERNIA TRUST COMPANY), ALEXANDER ALEXANDER and FRANK L. WARD, as Trustees of a Certain Trust for the Benefit of ELIZA CARROLL DE VERASTEGUI and Others, under a Certain Deed of Trust Made by ELIZA CARROLL DE VERASTEGUI, Dated the 15th Day of May, 1929, Appellants, v. ALEXANDER ALEXANDER and FRANK L. WARD, as Executors, etc., of ELIZA CARROLL DE VERASTEGUI, Deceased, and Others, Defendants; GABRIEL DE LIZASOAIN, CAROLINA MARIE DE LIZASOAIN, CONSUELO PARDO MANUEL DE VILLENA Y VERASTEGUI, ISABEL PARDO MANUEL DE VILLENA Y VERASTEGUI, CARLOS PARDO MANUEL DE VILLENA Y VERASTEGUI and ARTURO PARDO MANUEL DE VILLENA Y VERASTEGUI, Infants, etc., by JOHN P. PHILBIN, Their Guardian ad Litem, Respondents.— In an action brought by the plaintiffs-appellants, as trustees of an express trust, for the judicial settlement of their account of proceedings, for a judicial determination of the rights and interests of the several parties to the action as between themselves, and for other relief, in which action an interlocutory judgment had been entered directing the plaintiffs to account, which they did by filing an account of their proceedings, to which certain infant beneficiaries of the trust, respondents, filed objections: Order granting motion of the infant beneficiaries, respondents, for the examination of the appellants, trustees, before trial, affirmed, with ten dollars costs and disbursements; the examination to be had on five days' notice. The present practice relating to examinations before trial is liberal. The right to the examination is largely in the discretion of the court (*Public National Bank* v. *National City Bank*, 261 N. Y. 316); nor is that right dependent as a matter of law upon the purpose or necessity of using the adverse party's testimony to establish the applicant's cause or defense. (Id.) The existence of a fiduciary relationship between the adverse party and the applicant justifies an exception to the general rule that such an examination may be had only to enable the applicant to prove his cause or defense. (*Oshinsky* v. *Gumberg*, 188 App. Div. 23.) The respondents, who are infant beneficiaries of the trust, are entitled to have the rules relaxed rather than restricted. The technical rules relating to examinations before trial are not adhered to in cases involving a fiduciary relationship. (*Whitman* v. *Keiley*, 58 App. Div. 92, 95.) An examination such as is directed in the order appealed from is proper after interlocutory judgment, account filed in pursuance thereto, and objections to the account interposed. (5 Fiero, Particular Actions and Proceedings [4th ed. 1929], p. 80; *Guaranty*

*Trust Co. of N. Y.* v. *Lewis*, N. Y. L. J. Jan. 12, 1937, p. 171. See, also, *Bencoe* v. *McDonnell*, 210 App. Div. 123, 124.) The proceedings before the referee constitute a trial within the purview of section 288 of the Civil Practice Act, liberally construed as remedial legislation. (*Brand* v. *Butts*, 242 App. Div. 149, 150; *Green* v. *Selznick*, 220 id. 12, 14.) The examination directed herein is one before trial. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.