In the Matter of the Estate of BEN ZION BLANK, Deceased.

Surrogate's Court, Kings County, May 2, 1939.

*Jacob H. Steinberg*, for Rose Blank, as administratrix, etc., of Samuel Blank, petitioner.

*Sidney M. Offer*, for Charles Blank, as administrator, etc., of Ben Zion Blank, deceased, respondent.

WINGATE, S. The application for the examination of a party before trial is addressed to the judicial discretion of the court and its allowance or refusal must primarily be predicated upon the comparative equities of the situation as disclosed by the composite demonstration of the record rather than on any hard and fast rule of the location of the burden of proof. (*Public National Bank* v. *National City Bank*, 261 N. Y. 316, 320; *Matter of Dale*, 159 Misc. 578, 579.)

Even if it be granted that in the usual case inquisition will not be granted except to aid the proposed inquisitor to sustain the burden resting upon him, this rule is customarily relaxed in favor of one whose opponent stands in a fiduciary position to him (*Colonial*

*Trust Co.* v. *Alexander,* 251 App. Div. 856; *Whitman* v. *Keiley,* 58 id. 92, 95; *Carter* v. *Good,* 57 Hun, 116, 117; *Skinner* v. *Steele,* 88 id. 307, 311; *Kastner* v. *Kastner,* 53 App. Div. 293, 294), and in those situations in which a defense, unanswered and established, would destroy the cause of action as initially pleaded. (*Griffen* v. *Davis,* 99 App. Div. 65, 68; *Schweinburg* v. *Altman,* 131 id. 795, 799; *Berg* v. *Horne Co.,* 146 id. 412, 413; *Oshinsky* v. *Gumberg,* 188 id. 23, 24.)

The first of these exceptions to the usual rule is in conformity with the uniform policy of the law to require a fiduciary to make full and complete disclosure to one to whom he stands in a confidential relationship in respect of all matters appertaining to his trust.

The second noted principle, when analyzed, is really not an exception to the usually applicable principle but a logical application thereof. Where an answer has been interposed which, unanswered and established, would destroy the cause of action alleged, the plaintiff or petitioner is presumed to have replied thereto " by traverse or avoidance, as the case requires." (Civ. Prac. Act, § 243; *Whipple* v. *Brown Bros. Co.,* 225 N. Y. 237, 240; *Matter of Larney,* 148 Misc. 871, 872.) He may adopt either position at his election and any evidence introduced in substantiation of either, if otherwise unobjectionable, is admissible.

If he adopts the position of avoidance, he, in effect, pleads new matter in attempted destruction of the admittedly *prima facie* valid defense and in respect thereof must bear the burden of proof. His examination of his opponent in aid of the demonstration thus required of him is, therefore, within the strict letter of the rule usually applied so long as it is limited to avoidance which is the limit of permissible inquisition (*Oshinsky* v. *Gumberg,* 188 App. Div. 23, 24), unless the court in the exercise of its discretionary authority sees fit to permit an extension.

In the case at bar the petitioner, who is the administratrix of a distributee of this estate, is seeking to compel its administrator to account. He has defended on the ground that the petitioner's decedent executed a release of all rights in return for a valuable consideration.

The petitioner has not replied but her reply may be inferred to the effect, among others, that the release was obtained by fraud and for an inadequate consideration, which, if established, would overcome the defense.

Asserting ignorance to the precise facts, the petitioner seeks to examine the administrator as to the circumstances under which the alleged release was obtained from her decedent and the consideration paid therefor. She is entitled to this examination on both

of the grounds hereinbefore considered, since the respondent stands in a fiduciary relationship to the subject-matter and because the defense which he has interposed would, if established, destroy her right to relief.

She also seeks to examine him respecting the presence and participation of other persons taking part in the negotiations. This is objectionable if more than repetitive. In her inquisition she is entitled to seek information respecting all matters leading up to and concomitant with the giving of the alleged release and this sufficiently protects her rights.

The applicant, furthermore, does not content herself with seeking the examination of the administrator but also desires the inquisition of four other named persons who are not parties to the proceeding. No reason therefor is asserted in the moving affidavit other than the conclusory allegation of necessity, which is manifestly insufficient to warrant an order for their examination as witnesses. (*American Woolen Co.* v. *Altkrug*, 139 App. Div. 671, 672; *McCullough* v. *Auditore*, 216 id. 510, 512; *Matter of Ebbets*, 149 Misc. 260, 271; 153 id. 775, 777, 778; *Matter of Swahn*, 158 id. 17, 22; *Matter of Rubin*, 161 id. 374, 376.)

The examination of the administrator to the extent indicated will be directed; the balance of the motion is denied.

Enter order on notice in conformity herewith.