CHENANGO COUNTY NATIONAL BANK & TRUST COMPANY OF NORWICH, as Trustee for MARY H. LYON, Deceased, under a Trust Dated June 30, 1925, Plaintiff, *v.* HAROLD S. LYON et al., Defendants.

Supreme Court, Special Term, Chenango County, October 31, 1947.

*Charles Gallagher* for plaintiff.

*Theodore C. Bonney* for Harold S. Lyon, defendant.

COON, J. The plaintiff brings this action seeking a judicial settlement of its accounts as trustee under a trust agreement, dated June 30, 1925, by the terms of which it received certain securities and administered the same, paying the income to Mary H. Lyon until her death on November 26, 1946. By the terms of the instrument, upon her death the remainder was to go to Edward B. Lyon or his estate. The validity of the original trust is apparently at issue and, if it be a valid trust, the ownership of the remainder, after the death of Mary H. Lyon, is at issue. The defendant Harold S. Lyon claims ownership of such remainder by virtue of an assignment. The plaintiff, named as a defendant individually, also claims ownership of the remainder.

The defendant Harold S. Lyon served a notice to examine the president of the plaintiff before trial as to the facts and circumstances which lead up to the execution of the alleged trust instrument. This portion of the notice is unopposed. He also seeks to examine as to the circumstances surrounding the purchase and sale of certain securities listed in schedule "B" of the account sought to be judicially settled. The plaintiff seeks to modify the notice by striking this latter portion of the notice therefrom, on the ground "that the examination sought herein is not at this time and at this stage of the action material or necessary for the prosecution of the action."

Great liberality is permitted in the examination of an adverse party before trial. This is particularly so when the party sought to be examined stands in a fiduciary capacity. (*Oshinsky* v. *Gumberg*, 188 App. Div. 23; *Colonial Trust Co.* v. *Alexander*, 251 App. Div. 856.) Plaintiff seeks judicial approval of its acts in relation to which the examination is sought. The defendant Harold S. Lyon claims an interest in the remainder of said trust fund, and the plaintiff seeks to bind him in this action as to its various transactions in the administration of the fund. It is clear that under such circumstances the defendant Harold S. Lyon is entitled to the examination sought.

The plaintiff urges, however, that the examination is premature and that the defendant Harold S. Lyon must first establish that he has an interest in the remainder.

I do not understand this to be the law. Motions for examinations before trial must be determined upon the issues joined by the pleadings and not upon a predetermination of the merits. Harold S. Lyon claims an interest in this remainder. By his answer he questions the plaintiff's account in relation to the matters upon which he seeks an examination. The plaintiff recognizes his interest to the extent of making him a party defendant and seeking to bind him by this accounting. It cannot be assumed that the plaintiff's assertion that Harold S. Lyon has no interest in this remainder is correct. (*Bloede Co.* v. *Devine Co.*, 211 App. Div. 180; *Ganni* v. *Stallman*, 200 App. Div. 485.) It is stated in the *Bloede* case (*supra*, p. 182): " We would not be justified in refusing the examination because defendants assert they have a perfect defense to the cause of action alleged."

If the examination is denied and it is later determined upon the trial that Harold S. Lyon does have an interest in the remainder, he will have been deprived of the examination *before trial* contemplated by the statute. A full disclosure by the

plaintiff of its activities as trustee will simplify and shorten the trial.

The motion to modify the notice is denied, with $10 costs, the date of the examination to be fixed by the order unless agreed upon.