VITA E. BURNS et al., Copartners Doing Business under the Name of BURNS MANUFACTURING Co., Plaintiffs, *v.* KATHERINE N. HAYES et al., Individually and as Copartners Doing Business under the Name of KAYLAN CUTLERY COMPANY, Defendants.

Supreme Court, Special Term, Onondaga County, October 8, 1948.

502

*Smith, Sovik, Levine & Richardson* for plaintiff.

*Bond, Schoeneck & King* for defendants.

MALPASS, J. The plaintiffs have made a motion for an order for the examination before trial of Katherine N. Hayes, one of the defendants in this action.

The complaint sets forth three separate causes of action, the first of which is based upon the alleged illegal use of secret and confidential information acquired by the defendant, Katherine N. Hayes, as an employee of the plaintiffs or their predecessor. The plaintiffs seek an injunction restraining the defendants from making use of such information and also an accounting for all profits made by the defendants as the result of using the said alleged secret knowledge and information.

The second cause of action contains allegations as to what is claimed by the plaintiffs to be the illegal use by the defendants of a particular room of a hotel in the city of Chicago, Illinois, known as the Palmer House where is held the annual exhibition conducted by the Housewares Manufacturers Association at which exhibition substantial orders are placed by customers for products of the plaintiffs and which plaintiffs allege had been used by them and their predecessor for years prior to December, 1945, when it is alleged through the connivance of the defendant, Katherine N. Hayes, then in the employ of the plaintiffs, the defendants made use of said room for the purpose of deceiving customers of the plaintiffs, as a result of which, the plaintiffs suffered a loss of sales and incurred substantial damages, judgment for which is sought by the plaintiffs.

The third cause of action alleges that the defendant, Katherine N. Hayes, while in the employ of the plaintiffs entered into a conspiracy with one Arthur M. Newhouse, who was engaged in the business of selling the products of the plaintiffs on a commission basis and that the said defendant, Katherine N. Hayes, altered the books and records of the plaintiffs in such a way that there was paid to the said Newhouse substantial sums of money for sales which he had not brought about and to which sums of money he was not entitled, resulting in damage to the plaintiffs for which damages the plaintiffs seek judgment.

It is undisputed that the defendant, Katherine N. Hayes, entered the employ of one Joseph E. Burns in the year 1926 and continued in Mr. Burns' employment down to the date of his death in 1942. The plaintiff, Vita M. Burns, is the widow of Joseph E. Burns and the plaintiff, Bobette M. Edgerton, is the daughter of Joseph E. Burns and upon the death of Mr. Burns they succeeded to his interest in the business in which he was engaged at the time of his death. This business consisted of serrating and selling knives manufactured by others and also serrating knives for certain manufacturers who themselves sold the product. The defendant, Katherine N. Hayes, continued as an employee in the business after the death of Mr. Burns until on or about December 12, 1945, at which time she left the employ of the plaintiffs without notice and engaged with the other defendants in the conduct of a business which plaintiffs claim unfairly and illegally competes with the business of the plaintiffs and that the defendants are using secret information and knowledge as to the processes, equipment, customers and other details of the plaintiffs' business acquired by

the defendant, Katherine N. Hayes, while in the employ of the plaintiffs or their predecessor.

The plaintiffs have previously made a motion for examination of all of the defendants. The previous application was denied for the reason that the moving affidavits were not made by the plaintiffs themselves and also for the additional reason that the plaintiffs had failed to set forth in their moving affidavits what it was proposed to examine each defendant about. The order denying the previous motion granted leave to plaintiffs to renew the motion upon proper papers. The affidavit in the instant motion has been made by the plaintiff, Vita M. Burns. The present application is for an order to examine only one of the defendants, Katherine N. Hayes, who it is reasonable to assume would have knowledge of the facts concerning which the examination is sought. Thus it appears that the defects in plaintiffs' papers on the former motion have been eliminated upon this motion.

The defendants have served a demand for a bill of particulars which is most comprehensive in its scope and requires particulars as to many of the allegations in the complaint which the plaintiffs claim cannot be furnished by them for the reason that the facts as to these matters are known only to Katherine N. Hayes and the other defendants. An examination of the complaint and demand for a bill of particulars would seem to support plaintiffs' claim in this regard. Under the circumstances it would seem to be proper to grant an examination of the person who has such knowledge especially when that person is one of the parties to the action and the demand for particulars is made in his or her behalf. (*Weinberg* v. *Berkshire Ice Co.*, 196 App. Div. 364; *Chittenden* v. *San Domingo Improvement Co.*, 132 App. Div. 169.)

The defendants oppose the examination upon the ground that the plaintiffs have not established the necessity or materiality of the examination. The defendants urge that the plaintiffs must be presumed to have knowledge of the facts concerning which the examination is sought because of the fact that the complaint is verified and that in only four of the thirty-five paragraphs of the complaint are the allegations made on information and belief. The fact that plaintiffs have knowledge of the matters sought to be elicited by an examination is not sufficient reason for denying it. (*Peck Coal Corp.* v. *Fowler*, 230 App. Div. 713; *McGrath* v. *Blumenthal*, 220 App. Div. 781; *Drake* v. *Line-A-Time Mfg. Co.*, 226 App. Div. 717.) The defendants also urge that the plaintiffs desire to examine this

defendant as to transactions of Mr. Burns, plaintiffs' predecessor, and the plaintiffs with third persons, other employees of plaintiffs, suppliers and customers, and that plaintiffs should be required to secure such evidence from these other persons. The fact that plaintiffs might procure the evidence from other persons is no bar to an examination of this defendant before trial. (*McKeand* v. *Locke,* 115 App. Div. 174; *Goldmark* v. *U. S. Electro-Galvanizing Co.,* 111 App. Div. 526; *Dunbar & Sullivan Dredging Co.* v. *State of New York,* 174 Misc. 743, 749; *Eckman* v. *Lindbeck,* 178 App. Div. 720, 723.) Section 288 of the Civil Practice Act provides for the taking of " testimony * * * which is material and necessary in the prosecution or defense of the action." The burden of proving that plaintiffs possessed trade secrets and that knowledge thereof was transmitted to the defendants rests upon the plaintiffs. (*Kaumagraph Co.* v. *Stampagraph Co.,* 235 N. Y. 1, 10.)

The defendant, Katherine N. Hayes, whose examination is sought, for many years was an employee of Joseph E. Burns, the predecessor of the plaintiffs, in the conduct of the business involved in this action. Mr. Burns is now deceased. Evidence as to the dealings between Mr. Burns and the defendant, Katherine N. Hayes, is certainly material and no person other than Mrs. Hayes is in better position to testify as to these transactions. Furthermore as an employee of Mr. Burns in his lifetime and later as an employee and manager of the plaintiffs, the defendant, Katherine N. Hayes, was in a position of trust and confidence which requires that she make full disclosures of her acts. Where the relationship of principal and agent and similar relationships exist between the parties to an action, the technical rules governing the examination of a party before trial should be relaxed. (*Whitman* v. *Keiley,* 58 App. Div. 92, 95; *Oshinsky* v. *Gumberg,* 188 App. Div. 23; *Colonial Trust Co.* v. *Alexander,* 251 App. Div. 856.)

The plaintiffs seek to inquire in this examination, as stated in item 9, into " The sales made by the defendants resulting from the use by the defendants of said room 1063-w." Evidence in this regard is in the nature of an accounting and before the plaintiffs can have an accounting they must first establish their right to one. (*Moffet* v. *Phœnix Brewery Corp.,* 247 App. Div. 552.) Whether or not such right is established is dependent upon the nature of the testimony brought out in the examination. (*DuPont Powder Co.* v. *Masland,* 244 U. S. 100, 102.)

In my opinion testimony as to the matters concerning which this examination is sought is material and necessary in the

prosecution of the action by these plaintiffs and the order to examine the defendant, Katherine N. Hayes, should be granted.

The plaintiffs ask for an order directing the defendants to produce for the inspection of the plaintiffs and to make copies of the books and records of the defendant, Kaylan Cutlery Company, relating to certain matters specified in the order to show cause, and directing that said books and records be produced upon the examination before trial. The defendants object to the granting of such order for the reason that it would require a disclosure of business secrets of the defendants. The defendants should not be required to disclose any legitimate secrets of their business not connected in any way with the illegal use by them of secret knowledge and information of plaintiffs' business. (*Griffin Mfg. Co.* v. *Gold Dust Corp.*, 245 App. Div. 385.) The defendants cite the recent case of *Haffenberg* v. *Wendling* (271 App. Div. 1057) as authority for their claim that the plaintiffs should not be granted inspection of the books and records they seek. The facts in the *Haffenberg* case (*supra*) as shown by the record on appeal are dissimilar to those of the instant action. In that case the Appellate Division of this department adopted the method of allowing a limited inspection of defendants' books and records to be had under the supervision of an official referee. The plaintiffs are not entitled to an unlimited inspection of the books and records of the Kaylan Manufacturing Company but should be entitled to an inspection of such books and records as relate to any matters which are necessary and material to the prosecution of plaintiffs' cause of action.

In my opinion, the plaintiffs are entitled to the examination requested of the defendant, Katherine N. Hayes. At the time of the holding the examination, such procedure should be adopted as will give the protection of secrecy to the evidence brought out in the examination so that neither party shall suffer from the disclosures of any legitimate trade secrets unless such disclosure is justified by the testimony brought out in the course of the examination. The examination will be supervised by an official referee under whose direction the rights of all of the parties will be protected. Such procedure has been frequently followed by the courts. (*Meyer Bros.* v. *Higgins,* 232 App. Div. 783; *N. D. Q. Specialty Corp.* v. *Cypress Novelty Corp.,* 250 App. Div. 881; *Hillick* v. *Edwards & Son,* 143 Misc. 277; *American Seal-Kap Corp.* v. *Smith Lee Co.,* 162 Misc. 701; *Haffenberg* v. *Wendling,* 271 App. Div. 1057, *supra.*)

An order may be entered herein directing the examination of the defendant, Katherine N. Hayes, upon the subjects mentioned in the order to show cause and the inspection of the books and records of Kaylan Manufacturing Company under the supervision of Honorable WILLIAM F. DOWLING, Official Referee, at a time and place to be fixed by said Official Referee.