Fred E. Grossman, Respondent, v. Western Financial Corporation, Appellant.— In a contract action by a resident of Queens County, brought in the Supreme Court of said county, defendant appeals from an order at Trial Term which (a) denied defendant's motion to vacate a preference granted plaintiff under rule 6 of said Trial Term Rules, or, in the alternative, to stay the granting of a preference thereunder, until such time as defendant shall have completed depositions outside of this State pursuant to the issuance of a commission, and (b) ordered the case on the calendar for a day certain, peremptorily, for trial. Order modified by deleting from the second ordering paragraph thereof the words and figures "May 5, 1952, peremptorily", and inserting in place thereof "September 17, 1952", and by adding at the end thereof the words "without prejudice to an application by defendant at the Trial Term, for a further postponement of the trial, if it be so advised, upon a proper showing of due diligence in proceeding with the proposed commission." As so modified, the order is affirmed, without costs. Inasmuch as plaintiff is entitled to a preference under the applicable rule, the denial of defendant's motion was proper. Its right to the issuance of a commission and to a stay of the trial pending the return thereof is a matter to be determined upon a proper application therefor (*Tilzer* v. *Battery Park Trading Co.*, 194 App. Div. 287, appeal dismissed 233 N. Y. 567). Under the pleadings, the proposed examination is material and necessary for defendant's preparation of its case (*Matter of Kahn*, 274 App. Div. 900), hence it is entitled thereto; particularly because of the fiduciary relationship between the parties and because the facts are peculiarly within the knowledge of plaintiff (*Colonial Trust Co.* v.

*Alexander,* 251 App. Div. 856; *Oshinsky* v. *Gumberg,* 188 App. Div. 23). However, because of the appeal herein and a companion appeal on motions addressed to the pleadings, defendant could not proceed to obtain the commission within the time allowed by the order and the case is now on the day calendar for trial on September 17, 1952. Said appeals being determined at this time, defendant should soon be able to obtain said commission and, barring events beyond its control, should be ready for trial in September. Nolan, P. J., Carswell, Adel and Schmidt, JJ., concur; Johnston, J., not voting.