HAROLD BALSAM, Plaintiff, v. SAMUEL FINKELSTEIN and SEYMOUR FINKELSTEIN, Individually and Copartners Trading as SAMUEL FINKELSTEIN AND BROTHER, Defendants.

Supreme Court, Special Term, Kings County, June 3, 1937.

*Kaufman & Weitzner* [*David G. Haskins* of counsel], for the plaintiff.

*Harry J. Moskowitz* [*Michael M. Kirsch* of counsel], for the defendants.

CUFF, J. The action is based upon an oral contract of employment. Defendants plead a general release, and a copy of it (a letter) is set forth in the answer. The reply puts in issue the contents of the letter and denies that it is now or ever was intended to be a general release. If plaintiff is successful in establishing at the trial that the letter in question is not a general release, the defense urged will be destroyed. If that is to happen the parties and the court should know it now. An examination before trial should be permitted where it appears from the pleadings that one party claims to have facts which, if proved, would destroy a cause of action or a defense. (*Oshinsky* v. *Cumberg*, 188 App. Div. 23.)

The first item reads in part: " whether or not the plaintiff * * * for a valuable consideration * * * delivered to the defendants a general release." That language indicates to me that defendants have greatly weakened on their defense. In the answer they boldly said: " by the terms of said instrument [the alleged release] the plaintiff released defendant." In the affidavit accompanying this motion they meekly seek to examine plaintiff " because it is material and necessary " to the prosecution of that important defense to ask plaintiff " whether or not " he delivered the release and his reason for doing so. A party with so little purpose and determination should not be permitted to examine any one. Why depart from the definite attitude assumed in the answer simply because a reply interposed has challenged the release theory?

If defendants are so uncertain about the letter and its effect they were not justified in swearing to the answer wherein they unequivocally branded it as a release and claimed for its effect the complete extinguishment of the obligation alleged in the complaint.

The form of the item quoted puts defendants in the unstable position of seeking to obtain testimony which they say is " material and necessary in the * * * defense of the action," but actually

which testimony, when given, would tend to ruin that very defense. An item in question form leads directly to such an incongruous situation, and I think it should be avoided. It might be well to insert here the provision of the Civil Practice Act which authorizes examinations before trial.

" § 288. Testimony by deposition during pendency of action and before trial. Any party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action. A party to such an action also may cause to be so taken the testimony, which is material and necessary, of the original owner of a claim which constitutes, or from which arose, a cause of action acquired by the adverse party by grant, conveyance, transfer, assignment or endorsement and which is set forth in his pleading as a cause of action or counter-claim. Any party to such an action also may cause to be so taken the testimony of any other person, which is material and necessary, where such person is about to depart from the State, or is without the State, or resides at a greater distance from the place of trial than one hundred miles, or is so sick or infirm as to afford reasonable grounds of belief that he will not be able to attend the trial, or other special circumstances render it proper that his deposition should be taken."

Under that law plaintiff, upon defendant's application, could not be required to give his deposition to show that he *did not* release defendants. A party, in the absence of special circumstances, is authorized to examine only upon matters as to which he has the burden of proof. The burden to affirmatively establish the release rests upon the defendants. For that reason they may examine for the purpose of obtaining evidence to be used at the trial to show that fact. Clearly, therefore, defendants have no use for evidence that will show that plaintiff *did not* give a general release.

To permit defendants to examine on that part of the item would be to allow the cross-examination of plaintiff in advance of the trial, a practice which is forbidden.

A party seeking an examination should word each item in such a way as to show definitely that the questioning to take place will be a search for evidence to prove a fact material and necessary in the prosecution or defense of an action, the burden of establishing which fact rests upon him and concerning which the pleadings have raised an issue. That rule is violated when an item starts with " if," " whether " or " whether or not." An item in any question form permits an examination on the affirmative as well as the negative side of an issue. Evidence on both sides of an issue

raised by the pleadings can never be " material and necessary in the prosecution " as anticipated by section 288 of the Civil Practice Act, of a cause of action or a defense. It may be interesting, and even of value to the party, but it cannot properly be the subject of pretrial questioning.

Items should be declaratory in form. They should indicate that the deposition is desired for the purpose of *showing, proving* or *establishing* that the identical state of facts as pleaded by the party seeking the examination is *the* state of facts. Thus in the instant case the item should not read " whether or not plaintiff executed and delivered the release," but rather it should read " to show that plaintiff executed and delivered the release." Of course, instead of " show " a similar word conveying the same idea, like " prove " or " establish," could be employed.

In recent years applications for examinations before trial have become an important part of our practice. Many lawyers invoke section 288 of the Civil Practice Act in every case. An improperly worded item brings the subject of the examination before the court with all the attendant trouble and expense to litigants, lawyers and the courts, whereas if each item were couched in proper language the right to examine, ordinarily, would go unquestioned. Thus it appears that proper form in preparing items becomes important in that failure to observe it may jeopardize the application and tends to increase the cost of litigation, which today every one is endeavoring to reduce.

While on the subject may I point to another vice that is creeping in which has to do with the preparation of the affidavit which accompanies an application for an examination or is used in opposition when a motion is made to vacate a notice to take a deposition. Some attorneys (not in this case) use the same affidavit in different cases, merely changing the name and a few details. The judge in Special Term for motions cannot help but note this practice, when two or more motions involving the same law office come before him. Sometimes attorneys for insurance companies, through whose offices many applications under section 288 of the Civil Practice Act pass, call the situation to the court's attention in an attack upon the truthfulness of the affidavit. Of course, it may be that facts are exactly the same in two wholly unrelated cases, and that each examination is necessary because " plaintiff was rendered unconscious and has no witnesses," but it is always dangerous to stereotype when preparing affidavits. It is the easiest way, but lack of good faith and even perjury lurk invitingly in the offing when that practice is resorted to and it always leaves an unfavorable impression upon the judge who reads the stereotyped affidavits as well as upon

the opposing attorney. At the trial someone may be gravely embarrassed (if not worse) when a different state of facts is established.

Time is not far distant when Special Term will not rewrite items but, as now happens in motions for bills of particulars where some demands flagrantly defy the decisions of the courts, an application in which is included one improperly drawn item may be denied *in toto*, with costs.

This motion is granted with the modification that the items be redrawn to conform to this decision.