HENRY LEVINE, Plaintiff, v. EUGENE KRONISCH et al., Defendants.

Supreme Court, Special Term, Queens County, May 31, 1949.

*Milton M. & Bernard B. Jacobs* for plaintiff.

*Jacob Gerstein* for Louis Pokrass, defendant.

CUFF, J. Motion by plaintiff to examine defendant Pokrass before trial granted. Objections are overruled. Section 288 of the Civil Practice Act was enacted to provide a party with the relief herein applied for.

The form of the items, although having judicial tolerance, is not good. The vice of introducing items in an application to examine a person before trial with the word " whether " or other alternative expressions is clearly demonstrated in this instance. It is no part of plaintiff's case, and he should not be permitted to examine, for the purpose of obtaining proof, to show that the defendant did *not* make the fraudulent statements attributed to him. Actually that negative phase of his items will produce answers which are exactly what plaintiff does not seek, yet he asks permission to query the defendant with regard to such unwanted matter. What plaintiff wants is to obtain proof at the proposed examination that defendant *made* the misrepresentations charged in the complaint. Half of the examination he plans, therefore, is not authorized by the statute and would be useless to him.

The better form is to use language preceding the items such as " * * * to take the testimony of * * * to prove: " and then follow with positive affirmative statements of exactly what matter and shading thereof are desired to be elicited from the person to be examined. Employing the above preliminarily

and beginning each item with the word " That " will leave no doubt as to the exact nature and extent of the proposed examination and render the items easier to test for propriety under the statute. (See *Balsam* v. *Finkelstein,* 164 Misc. 873; 4 Wait's New York Practice [4th ed.], p. 111.)